## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS FELICIANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SUNWORKS, INC., CHARLES F. ) | |
| CARGILE, DANIEL GROSS, JUDITH ) | |
| HALL, RHONE RESCH, STANLEY SPEER, ) | |
| THE PECK COMPANY HOLDINGS, INC., ) | |
| and PECK MERCURY, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on August 10, 2020 (the "Proposed Transaction"), pursuant to which Sunworks, Inc. ("Sunworks" or the "Company") will be acquired by The Peck Company Holdings, Inc. ("Parent") and Peck Mercury, Inc. ("Merger Sub," and together with Parent, "Peck").

2.      On August 10, 2020, Sunworks' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Peck.  Pursuant to the terms of the Merger Agreement, Sunworks' stockholders will receive 0.185171 of a share of Parent common stock for each share of Sunworks common stock they own.

3.      On October 1, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Sunworks common stock.

9.      Defendant Sunworks is a Delaware corporation and maintains its principal executive offices at 1030 Winding Creek Road, Suite 100, Roseville, California 95678.  Sunworks' common stock is traded on the NASDAQ Capital Market under the ticker symbol "SUNW."

10.     Defendant Charles F. Cargile is Chief Executive Officer and Chairman of the Board of the Company.

11.     Defendant Daniel Gross is a director of the Company.

12.     Defendant Judith Hall is a director of the Company.

13.     Defendant Rhone Resch is a director of the Company.

14.     Defendant Stanley Speer is a director of the Company.

15.     The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

17.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

18.     Sunworks is a provider of high-performance solar power systems to customers in a wide range of industries, including agricultural, commercial and industrial, state and federal, public works, and residential.

19.     On August 10, 2020, Sunworks' Board caused the Company to enter into the Merger Agreement with Peck.

20.     Pursuant to the terms of the Merger Agreement, Sunworks' stockholders will receive 0.185171 of a share of Parent common stock for each share of Sunworks common stock they own.

21.     According to the press release announcing the Proposed Transaction:

The Peck Company Holdings, Inc. (NASDAQ: PECK) ("Peck"), a leading commercial solar engineering, procurement and construction (EPC) company and

Sunworks, Inc. (NASDAQ: SUNW) ("Sunworks"), a provider of solar power solutions for agriculture, commercial and industrial ("ACI"), public works and residential markets, today announced that they have entered into a definitive agreement under which Peck will acquire Sunworks in an all-stock transaction, pursuant to which each share of Sunworks common stock will be exchanged for 0.185171 shares of Peck common stock (subject to certain adjustments). Assuming no adjustments, Sunworks' stockholders would receive an aggregate of approximately 3,079,207 shares of Peck common stock, representing approximately 36.54% of Peck common stock outstanding after the merger. . . .

Transaction Details

The transaction is expected to close during the fourth quarter of 2020, subject to approval by shareholders of both companies and other customary closing conditions.

The Board of Directors of Peck and Sunworks have each unanimously voted in favor of the definitive transaction agreement.

As part of the agreement, after the transaction closes, Jeff Peck will continue as Chairman of the Board and Chief Executive Officer of the combined company. The Board of Directors of the combined company will be comprised of four members of the Peck Board of Directors and three members appointed by the Sunworks Board of Directors. Because the combined company will be in competition with SunPower Corporation in some markets, Doug Rose, who is also a Vice President at SunPower Corporation, has resigned from the Board of Directors of Peck to avoid conflicts of interests.

Roth Capital will be acting as financial advisor to Peck and Merritt and Merritt is serving as its legal counsel.

Holthouse Carlin & Van Trigt LLP is acting as financial advisor to Sunworks and Stradling Yocca Carlson & Rauth, P.C. is acting as its legal counsel.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

22.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

23.     As set forth below, the Registration Statement omits material information.

24.     First, the Registration Statement omits the Company's and Peck's financial projections.

25.     The Registration Statement also fails to disclose the "estimates of cost and revenue synergies and other pro forma effects" prepared by Peck's management and provided to the Peck board, members of Sunworks management, and the Sunworks Board.

26.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Holthouse Carlin & Van Trigt LLP ("HCVT").

28.     With respect to HCVT's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the financial projections of Sunworks for years 2020 through 2025, including each year of unlevered free cash flow and the underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 11.0% to 13.0%; and (iii) HCVT's basis for applying an EBITDA exit multiple ranging from 4.0x to 5.0x.

29.     With respect to HCVT's Selected Precedent M&A Transactions Analysis, the Registration Statement fails to disclose HCVT's basis for deriving a range of multiples of 0.15x to 0.20x.

30.     The Registration Statement fails to disclose HGVT's quality of earnings analysis on Peck.

31.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32.     Third, the Registration Statement omits material information regarding HGVT.

33.     The Registration Statement fails to disclose the amount of HGVT's fee that is contingent upon the consummation of the Proposed Transaction.

34.     The Registration Statement fails to disclose whether HGVT has performed past services for the Company or its affiliates, and if so, the timing and nature of such services and the amount of compensation received by HGVT for providing such services.

35.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36.     Fourth, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, and the repayment of subordinated notes to Company executives, including who participated in all such communications.

37.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

38.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

39.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Sunworks**

40.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Sunworks is liable as the issuer of these statements.

42.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

43.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

44.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

45.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Peck

48.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49.     The Individual Defendants and Peck acted as controlling persons of Sunworks within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Sunworks and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50.     Each of the Individual Defendants and Peck was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

52.     Peck also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

53.     By virtue of the foregoing, the Individual Defendants and Peck violated Section 20(a) of the 1934 Act.

54.     As set forth above, the Individual Defendants and Peck had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 15, 2020                    **RIGRODSKY & LONG, P.A.**

                                       By:   */s/ Gina M. Serra*
                                           Seth D. Rigrodsky (#3147)
                                           Brian D. Long (#4347)
                                           Gina M. Serra (#5387)
                                           300 Delaware Avenue, Suite 210
                                           Wilmington, DE 19801
                                           Telephone: (302) 295-5310
                                           Facsimile: (302) 654-7530
                                           Email: sdr@rl-legal.com
                                           Email: bdl@rl-legal.com
                                           Email: gms@rl-legal.com

                                           *Attorneys for Plaintiff*

10